IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICARDO ANTHONY JEFFERIES,** **Plaintiff,** | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-3478** |
| **C.O. CAVALARI, *et al.*,** **Defendants.** | : | |

**ORDER**

AND NOW, this 30th day of July, 2026, upon consideration of Plaintiff Ricardo Anthony Jefferies, Sr.'s Motion to Proceed *In Forma Pauperis* (ECF Nos. 5, 8), Prisoner Trust Fund Account Statement (ECF No. 6, 9), Complaint (ECF No. 1), and Motion for Appointment of Counsel (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Ricardo Anthony Jefferies, Sr., #QR-0472, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Phoenix or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Jefferies's inmate account; or (b) the average monthly balance in Jefferies's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Jefferies's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Jefferies's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to **SEND** a copy of this Order to the Superintendent of SCI Phoenix.

4. The Complaint is **DEEMED** filed.

5. The Clerk of Court is **DIRECTED** to **AMEND** the plaintiff's last name to read "Jefferies".

6. The following claims are **DISMISSED** for the reasons stated in the Court's memorandum:

   a. All claims alleged against Pennsylvania Correctional Industries/P.C.I., Commissary, claims for money damages alleged against the Defendants in their official capacities, and claims alleged under state law are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

   b. The Eighth Amendment claim alleged against Defendant Terra is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

7. The Clerk of Court is **DIRECTED** to terminate Pennsylvania Correctional Industries/P.C.I., Commissary as a Defendant.

8. The remaining individual capacity claims against Defendants C.O. Cavalari, C.O. Rienecker, C.O. Pierce, C.O. Davis, and C.O. Hunter will proceed to service pending Jefferies's decision to file an amended complaint or proceed only against these Defendants.

9. The Clerk of Court is **DIRECTED** to send Jefferies a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Jefferies may use this form to file his amended complaint if he chooses to do so.

10. Jefferies is given thirty (30) days to file an amended complaint in the event he can cure the defects identified in the Court's Memorandum with regard to Defendant Terra. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Jefferies's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. **This means that if Jefferies files an amended complaint, he must reallege the claims against Defendants Cavalari, Rienecker, Pierce, Davis, and Hunter, who were not dismissed, including all supporting factual allegations, or those claims will be deemed to have been abandoned**. When drafting his amended complaint, Jefferies should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

11. If Jefferies does not file an amended complaint the Court will direct service of his initial Complaint on Defendants Cavalari, Rienecker, Pierce, Davis, and Hunter. Jefferies may also notify the Court that he seeks to proceed on these claims rather than file an amended complaint. If he files such a notice, Jefferies is reminded to include the case number for this case, 26-3478.

12. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

13. Jefferies's Motion for Appointment of Counsel (ECF No. 2) will be held in abeyance and ruled on at a later time.

**BY THE COURT:**

**KAI N. SCOTT, J.**